IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-20114-JAR-1 |
| CHRISTIAN AMIN MEDINA-LAVEAGA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Christian Amin Medina-Laveaga's pro se Motion Seeking Retroactive Application of the United States Sentencing Commission's Recent Amendment 821, Part B (Doc. 182) and pro se Motion Seeking Leave to File Out-of-Time Reply (Doc. 181). Defendant's Motion Seeking Retroactive Application of the United States Sentencing Commission's Recent Amendment 821, Part B is fully briefed, and for the reasons discussed below, the Court dismisses the motion. Defendant's Motion Seeking Leave to File Out-of-Time Reply is denied as moot.[1]

### I.   Facts

On February 13, 2018, Defendant pled guilty to Count One of the Indictment; namely conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).[2]

---

[1] On February 13, 2024, the same day Defendant filed his pro se Motion Seeking Leave to File Out-of-Time Reply, the Court issued an order granting Defendant's motion to withdraw his original motion to reduce sentence (Doc. 180). Therefore, Defendant does not need to file a reply to the government's response to the withdrawn motion.

[2] Doc. 69.

The Presentence Investigation Report calculated a criminal history score of zero which established a criminal history category of I.[3]  On December 10, 2018, the Court sentenced Defendant to 131 months' imprisonment.[4]

On March 4, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."[5]

## II.   Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[6]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[8]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[9]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

---

[3] *See* PSR, Doc. 120 ¶ 42.

[4] Doc. 144.

[5] Doc. 182.

[6] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[7] *See* 18 U.S.C. § 3582(c)(2).

[8] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[9] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

>  (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>  (4) the offense did not result in death or serious bodily injury;
>  (5) the instant offense of conviction is not a sex offense;
>  (6) the defendant did not personally cause substantial financial hardship;
>  (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>  (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>  (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>  (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[10]

### III.   Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease in two offense levels. However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

Defendant fails to qualify for retroactive reduction under U.S.S.G. § 4C1.1 because he received an adjustment under U.S.S.G. § 3B1.1(a) for being an organizer or leader in the charged offense.[11] Indeed, Defendant received a four-level enhancement for his role in the offense.[12]

---

[10] *See* U.S.S.G. § 4C1.1(a).

[11] *See* PSR, Doc. 120 ¶ 30.

[12] *See id.*

3

Defendant argues that a defendant is disqualified from Amendment 821 relief only when he received an adjustment under U.S.S.G. § 3B1.1 *and* was engaged in a continuing criminal enterprise. Although the Tenth Circuit has not addressed this issue, the Court agrees with other courts in this district that have interpreted § 4C1.1(a)(10) to exclude any defendant who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise.[13]

Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant. Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[14]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Seeking Retroactive Application of the United States Sentencing Commission's Recent Amendment 821, Part B (Doc. 182) is **dismissed** and Defendant's Motion Seeking Leave to File Out-of-Time Reply (Doc. 181) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: September 30, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] *See United States v. Urias-Avilez*, Case No. 15-10152-1-JWB, 2024 WL 626165, at *2 (D. Kan. Feb. 14, 2024) ("[T]he courts interpreting this provision have determined that the plain language of the guideline precludes a defendant when he has either received an adjustment under § 3B1.1 or was engaged in a continuing criminal enterprise."); *United States v. Read-Forbes*, Case No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (interpreting § 4C1.1(a)(10) to exclude any defendant who either had an aggravating role enhancement or engaged in a criminal enterprise); *see also United States v. Castaneda Mendez*, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) ("In sum, the plain language and context of § 4C1.1(a)(10) is properly read to exclude any defendant who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise.").

[14] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).